**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| SANDRA JEAN SIMPSON, in her own capacity and as Personal Representative for the Estate of DR. MOSTAFA KARIM, | : : : : | | |
| Plaintiff, | : : | Civil Action No.: | 00-1722 RMU |
| v. | : : | Document Nos.: | 81, 84, 89 |
| SOCIALIST PEOPLE'S LIBYAN ARAB JAMAHIRIYA, | : : : : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**GRANTING IN PART AND DENYING IN PART THE DEFENDANT'S MOTION TO DISMISS; DENYING THE PLAINTIFF'S CROSS-MOTION TO AMEND; AND GRANTING THE PLAINTIFF'S MOTION TO SUBSTITUTE PARTY**

**I. INTRODUCTION**

This matter comes again before the court on the defendant's motion to dismiss for failure to state a claim. The plaintiff Sandra Jean Simpson, in her own capacity and as Personal Representative for the estate of her deceased husband Mostafa Karim, brings suit seeking compensatory damages for an act of hostage taking that the defendant, the Socialist People's Libyan Arab Jamahiriya ("Libya"), allegedly committed in 1987. In the last round of motions, Libya sought dismissal for lack of personal and subject-matter jurisdiction, as well as for failure to state a claim. The court demurred, granting the plaintiff a final opportunity to amend her complaint with a statement of which law she wishes the court to apply. Because the court concludes that an intervening change in the choice-of-law doctrine excuses the plaintiff's having pleaded actions under D.C. rather than Pennsylvania law, the court grants the plaintiff one final opportunity to amend her complaint, absent which it will be dismissed. The court dismisses

every other basis of law pleaded in the second amended complaint however, in light of concessions by the plaintiff during briefing, as well as futility and bad faith.

## II.  FACTUAL & PROCEDURAL BACKGROUND

### A.  Factual History

The court will not waste time, ink or paper reciting facts unaltered since the plaintiff's last pleading.[1]  A comprehensive account of the plaintiff's travails can be found in the court's most recent memorandum opinion.  Order (Mar. 7, 2005) at 2-3.  In summary, the plaintiff alleges that, without reason, Libyan authorities forcibly detained and terrorized her and her husband for months after their cruise ship sought refuge at a Libyan port in the midst of a storm gale.  First Am. Compl. ¶¶ 1, 16-18, 28, 33, 35-37, 62.

### B.  Procedural History

Sandra Jean Simpson filed her original complaint *pro se* on July 21, 2000, alleging torture, hostage-taking, battery, false imprisonment, intentional infliction of emotional distress, and loss of consortium, and seeking compensatory and punitive damages.  *Simpson v. Socialist People's Libyan Arab Jamahiriya,* 180 F. Supp. 2d 78, 81 (D.D.C. 2001) ("*Simpson I*").  On July 23, 2001, Libya filed a motion to dismiss for lack of subject-matter jurisdiction, lack of personal jurisdiction and failure to state a claim for hostage taking or torture.  *Id.*  The court denied Libya's motion in full, holding that the court had subject-matter and personal jurisdiction and that the plaintiff stated claims for torture and hostage taking.  *Id.* at 80-81.

The defendant sought interlocutory appeal, and on appeal the D.C. Circuit affirmed this

---

[1]  The plaintiff does not allege new facts in her second amended complaint, an option in any event foreclosed by the court's last order.  Order (Mar. 7, 2005) at 24.

court's jurisdictional holding, reversed and remanded for dismissal of the torture claim, and vacated and remanded on the hostage-taking claim, allowing the plaintiff to amend her complaint with regard to the hostage-taking claim. *Simpson v. Socialist People's Libyan Arab Jamahiriya*, 326 F.3d 230, 235 (D.C. Cir. 2003) ("*Simpson II*"). After remand, the plaintiff filed an amended complaint, the defendant filed a motion to dismiss, and this court set a schedule for jurisdictional discovery – specifically, for the parties to provide further information on hostage taking. On March 7, 2005, the court denied the motion to dismiss, concluding that sufficient evidence existed to establish subject-matter jurisdiction under the "hostage taking" exception to foreign sovereign immunity under FSIA. Order (Mar. 7, 2005) at 11-20. Because the amended complaint primarily referenced general tort law, which is not a viable cause of action, the court granted the plaintiff leave to amend her complaint with a statement of which law she seeks the court to apply.

The plaintiff responded by filing a second amendment, which cites the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605(a)(7), the Flatow Amendment, the common law of the District of Columbia and the D.C. Code, and the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350. Libya moved again to dismiss, noting that neither the FSIA, the Flatow Amendment, nor the ATS creates a cause of action against a foreign state. The plaintiff conceded the above in her opposition, while reserving the option of alleging an international source of law in accord with the ATS in the future and expressing an intention to further amend by dropping any reference to D.C. law in favor of Pennsylvania law, the plaintiff's state of residence.[2] In its reply, Libya

---

[2] The plaintiff's opposition also requests that the caption of the case reflect the death of the plaintiff Sandra Simpson's father, Alexander Simpson, and her substitution as *executrix* for the estate of her late husband, Dr. Mostafa Karim. Pls.' Opp'n to Def.'s Mot. to Dismiss ("Pls.' Opp'n") at 12. In its reply, Libya opposes such relief, observing that the plaintiff has not filed a suggestion of death or a separate motion for substitution of party. Def.'s Reply to Pl.'s Opp'n

opposes the plaintiff's request for a third opportunity to amend, citing her failure to follow local rules requiring that a proposed amended complaint accompany a motion to amend and her dilatoriness in identifying a proper source of law.

### III.   ANALYSIS

#### 1.   Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or

---

("Def.'s Reply") at 4. On October 29, 2007, Ms. Simpson did just that, filing a separate motion citing letters testamentary suggesting the death of Alexander Simpson and an order of the D.C. Circuit granting an appellate motion for substitution filed on November 10, 2005. Pl.'s Mot. to Substitute Plaintiff Party at 1-2. Libya has filed no response to this new motion.

Federal Rule of Civil Procedure 25 governs substitution of parties after the death of a plaintiff. FED. R. CIV. P 25(a). Rule 25 provides, "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party . . . ." *Id.* Additionally, the motion for substitution must be made not later than 90 days after the death has been suggested on the record. *Id.* Because Ms. Simpson's substitution motion satisfies the procedural prerequisites of Rule 25, the court grants her request.

"plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, the plaintiff must allege a "plausible entitlement to relief," by setting forth "any set of facts consistent with the allegations." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1967, 1969 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"). While these facts must "possess enough heft to 'sho[w] that the pleader is entitled to relief,'" a complaint "does not need detailed factual allegations." *Id.* at 1964, 1966. In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

If the court concludes that pleading defects warrant dismissal, it will usually grant leave to amend at least once, in recognition of federal policy favoring decisions on the merits. *Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir. 1999). The grant or denial of leave lies in the sound discretion of the district court. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The court must, however, heed Rule 15's mandate that leave is to be "freely given when justice so requires." *Id.*; *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998). Indeed, "[i]f the underlying facts or circumstances relied upon by a

plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.  Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments. *Caribbean Broad. Sys.*, 148 F.3d at 1083.

Denial of leave to amend based on futility is warranted if the proposed claim would not survive a motion to dismiss. *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).  An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss. *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002) (quoting 3 MOORE'S FED. PRACTICE § 15.15[3] (3d ed. 2000)); *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996) (affirming the district court's denial of leave to amend given the "little chance" that plaintiff would succeed on his claim).

### 2. The Court Grants the Plaintiff's Motion To Dismiss and Denies the Plaintiff's Cross-Motion to Amend

In abandoning her reliance on FSIA, the Flatow Amendment, and D.C. common-law and the D.C. Code, the plaintiff essentially concedes that her second amended complaint fails to identify a specific basis in law for her claims.  Her request for leave to file a third amended complaint thus attempts to stave off dismissal by dangling before the court the prospect of her finding and ultimately pleading an appropriate basis under the ATS or Pennsylvania law for her claims.  As regards the ATS, that prospect is vanishingly remote.  The defendant rightly points out that the plaintiff has had "ample opportunity to research international causes of action" since

the Supreme Court ruled in *Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004), that the ATS provides no independent cause of action. Def.'s Reply at 4. The plaintiff's demand that she "will need to review the list of international sources of law with an eye to the reduction to the minimal number necessary to sustain a cognizable claim" strikes the court as a dilatory, vague, and indifferent response to the opportunity given two years ago to file a properly amended complaint. *See Caribbean Broad. Sys.*, 148 F.3d at 1083. In failing to file a proposed amendment and, thereby, violating Local Civil Rule 15.1, the plaintiff denied the court any notion of what law she proposes to identify in an amendment. LCvR 15.1. In changing her position in the middle of briefing, the plaintiff reveals a lack of preparation and conscientiousness to legal arguments betokening bad faith. *See Willoughby*, 100 F.3d at 1003 (finding privilege to amend waived by dilatory briefing). And in squandering her prior chance to amend her complaint, the plaintiff demonstrates that granting an additional opportunity to amend would be futile. *Caribbean Broad. Sys.*, 148 F.3d at 1083. Because of these deficiencies, the court denies leave to amend the ATS claims and dismisses them.

   The claims brought under D.C. law must too be dismissed, but here excusable error convinces the court to grant a further opportunity to amend for the plaintiff to assert her claims under Pennsylvania law. The plaintiff filed her second amended complaint on March 21, 2005, pursuant to the court's order of March 14, 2005. At that time, the resolution of the choice-of-law question on which forum's law to apply would not arrive until 8 days later with the issuance of *Dammarell v. Islamic Republic of Iran*, 2005 WL 756090, at *21 (D.D.C. Mar. 29, 2005) (holding that "the law of domicile of the plaintiff will provide the substantive rule of decision"). Despite the defendant's protestations, the prolonged nature of this case does not affect whether the leave to amend should be granted, so long as it fails to suggest bad faith or prejudice.

*Caribbean Broad. Sys.*, 148 F.3d at 1084.  On this specific issue, unsettled law excuses the plaintiff's mistake.  Therefore, the court will dismiss the claims under D.C. law while granting leave to amend to assert a basis under Pennsylvania law.  Plaintiff's amendment shall be filed within 14 days, however, or the court will dismiss the complaint in its entirety.

### IV.  CONCLUSION

For the foregoing reasons, the court grants in part and denies in part the defendant's motion to dismiss, grants in part and denies in part the plaintiff's cross-motion to amend, and grants the plaintiff's motion to substitute the plaintiff-party.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 10th day of January, 2008.

RICARDO M. URBINA  
United States District Judge